Daniel J. Kaiser [DK-9387]
William H. Kaiser [WK-7106]
KAISER SAURBORN & MAIR, P.C.
30 Broad Street, 37th Fl.
New York, New York 10004
(212) 338-9100

Attorneys for plaintiffs

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X
TRACY PLATERO, JIMMY AU, DESMOND ANDREWS,
KENNETH AUSTIN, JIK CHAN,                                                    Case No.:
JOSEPH M. FERNANDEZ, RONALD FINKOWITZ,
SUSAN GAN, RENE A. GARCIA-COLON, ERIC HOANG,
ROBINSON IRIZARRY, JR., JESSE LIMSON,                                       **COMPLAINT**
NANCY NEVA LOO, BENJAMIN MORALES, JR.,
BESS P. MORRISON, JANET PAVLOFF,
ROBERT PAULO PRALL, and WILSON RICHARD,

                              Plaintiffs,

    – against –

GRAND HYATT, and NEW YORK HOTEL
AND MOTEL TRADES COUNCIL, AFL-CIO,

                              Defendants.
-------------------------------------------------------------------------X

Plaintiffs, by their attorneys, Kaiser Saurborn & Mair, P.C., allege for their complaint as follows:

## SUMMARY OF ACTION

1.  This civil action seeks remedies for an overt conspiracy between the Grand Hyatt Hotel ["The Hotel"] and the New York Hotel and Motel Trades Council, AFL-CIO ["The Union"] to purposefully deprive the Banquet Servers the compensation benefits to which the Banquet Servers are entitled consistent with the Collective Bargaining Agreement ["CBA"] and a prior settlement agreement, which resolved a prior 2019 Federal lawsuit ["prior Federal

Lawsuit"] against the Hotel and Union, which provided for the payment of severance in the event of a closing of the Hotel.  The Union's conspiratorial actions in coordination with the Hotel has unlawfully deprived the Banquet servers of millions of dollars of severance payments.

2. Both the Hotel and Union have engaged in coordinated conduct purposefully designed to deprive the banquet servers of the full benefits of the prior settlement agreement.

3. This action alleges breach of the duty of fair representation by the Union and breach of the Collective Bargaining Agreement and Settlement Agreement by the Hotel.

## PARTIES, VENUE AND JURISDICTION

4. This Court has jurisdiction over the subject matter of this action of this complaint under Section 301(A) of the Labor Management Relations Act, 29 U.S.C. 185 (a), and under 28 U.S.C. 1331 and 1337.

5. Venue lies within the jurisdiction of this court pursuant to 28 U.S.C. 1331 and 1337.

6. Plaintiffs are Banquet Servers employed by defendant Hotel under the terms and conditions of the Collective Bargaining Agreement existing between the Hotel and the Union.

7. Tracy Platero is a Banquet Server employed by the Hotel and a member of the Union.

8. Jimmy Au is a Banquet Server employed by the Hotel and a member of the Union.

9. Desmond Andrews is a Banquet Server employed by the Hotel and a member of the Union.

10. Kenneth Austin is a Banquet Server employed by the Hotel and a member of the Union.

11. Jik Chan is a Banquet Server employed by the Hotel and a member of the Union.

12. Joseph M. Fernandez is a Banquet Server employed by the Hotel and a member of the Union.

13. Ronald Finkowitz is a Banquet Server employed by the Hotel and a member of the Union.

14. Susan Gan is a Banquet Server employed by the Hotel and a member of the Union.

15. Rene A. Garcia-Colon is a Banquet Server employed by the Hotel and a member of the Union.

16. Eric Hoang is a Banquet Server employed by the Hotel and a member of the Union.

17. Robinson Irizarry, Jr. is a Banquet Server employed by the Hotel and a member of the Union.

18. Jesse Limson is a Banquet Server employed by the Hotel and a member of the Union.

19. Nancy Neva Loo is a Banquet Server employed by the Hotel and a member of the Union.

20. Benjamin Morales, Jr. is a Banquet Server employed by the Hotel and a member of the Union.

21. Bess P. Morrison is a Banquet Server employed by the Hotel and a member of the Union.

22. Janet Pavloff is a Banquet Server employed by the Hotel and a member of the Union.

23. Jik Chan is a Banquet Server employed by the Hotel and a member of the Union.

24. Robert Paulo Prall is a Banquet Server employed by the Hotel and a member of the Union.

25. Wilson Richard is a Banquet Server employed by the Hotel and a member of the Union.

26. The Union is a labor organization within the meaning of Section 301(a) of the LMRA, 29 U.S.C. 185 (a) and 29 U.S.C. 152. The Union represents, for the purposes of collective bargaining persons employed, inter alia, as Banquet Servers in the hotel industry in New York and specifically represents plaintiffs for purposes of collective bargaining and for enforcement and implementation of the terms of the CBA. The Union's principal office is located at 709 Eighth Avenue, New York, New York 10036.

27. The Hotel, The Grand Hyatt ["Hyatt"], employs Banquet Servers represented by the Union in the hotel industry which is an industry affecting interstate commerce, and is an employer within the meaning of Section 301 (a) of the LMRA, 29 U.S.C. 185 (a) and Sections 501 (1) and (3) of the LMRA, 29 U.S.C. 142 (1) and (3) and 29 U.S.C 152 (2). The Hotel's principal place of business is Two East 55th Street, New York, New York 10022.

## BACKGROUND FACTS

28. On February 1, 2019 the Union and the Hyatt entered into a settlement agreement with the Banquet Servers to address, in part, severance entitlements of Banquet Servers in the event of a Hotel closing.

29. The February 1, 2019 agreement provided for in relevant part:

> Provided the Hotel has given notice that the Hotel is closing pursuant to Section 1 above, all employees employed on the Notice date (collectively "Employees"), including those on layoff or leave with right to recall, shall be offered the following options listed

> below.
>
> \* \* \* \* \* \* \* \* \* \* \* \*
>
> Employees may, at any time between the Notice Date and one hundred and twenty (120) days after the Notice Date, elect to receive Enhanced Severance Pay.
>
> \* \* \* \* \* \* \* \* \* \* \* \*
>
> All tipped employees shall get paid twice the aforementioned number of days of Enhanced Severance Pay calculated in accordance with the formula in IWA Article 52.

30. By the express terms of the agreement Banquet Servers, tipped employees, were entitled to two times the regular severance provided for in the agreement. Specifically, instead of 30 days pay for each year of service the Banquet servers were entitled to 60 days of pay for each year of service.

31. On November 1, 2019, in settlement of the prior Federal lawsuit, the Union and Hotel signed a settlement agreement memorializing the promised enhanced severance into the 2019 agreement.

32. In March 2020 the Hotel closed for demolition in anticipation of the future opening of a new Hotel under new management.

33. The closing of the Hotel triggered the enhanced severance payment incorporated into the 2019 settlement agreement.

34. The Hotel never provided the required contractual notice, provided for in the February 1, 2019 agreement, that the Hotel closed for demolition.

35. As per the CBA, one day of basic pay is $304.00.

36. The Union and Hotel refuse to honor the enhanced severance obligation by paying to the Banquet servers 60 days per year of one day CBA basic pay. The agreement reads in

relevant part:

> The Hotel shall offer enhanced severance pay to all employees, including Banquet Servers, in accordance with the agreement, dated February 1, 2019, by and between the Grand Hyatt New York and the New York Hotel and Motel Trades Council, AFL-CIO, which includes the requirement to sign a general release.

37. On August 15, 2022 the Union announced in a text message that a zoom meeting to ratify and agreement would be held om August 17, 2022.

38. On August 16, 2022 union member and plaintiff Tracy Platero called the Local 6 offices to request the documentation that would be presented and reviewed during the August 17th zoom meeting. A union representative responded no, that it was still being prepared.

39. On August 17, 2022 during the zoom meeting Union representatives misled union members as to the specific days being offered.

40. On August 19, 2022 union members were emailed an agreement that did not match what the union representatives presented during the August 17th zoom meeting.

41. On August 22, 2022 the Union and the Hotel made clear that the settlement agreement would not be honored and the enhanced severance would not be paid.

42. On August 22, 2022 union members were told to come to the Hyatt and pick up their package.

**The Union has Conspired with the Hotel to Violate**
**The Terms of the Settlement Agreement**

43. The Union and the Hotel is flagrantly and knowingly violating both the Collective Bargaining Contract and the Settlement Agreement. The Union ignores the pleas of the Banquet Servers to advocate for them to honor the terms of the settlement agreement.

44. What the Union is receiving in return for their willful blindness to the Hotel's refusal to pay the enhanced severance can be surmised but is as yet unclear.

45. The Union continues to this day to falsely represent to the Banquet Servers that it is honoring the terms of the settlement agreement.

46. What is plain is that the Union is not only failing to do its job it is actively facilitating the Hotel's breach of these agreements and affording the Hotel its effective consent to steal severance from the Banquet Servers as well as its blessing to violate a settlement agreement consummated under the auspices of United States District Court.

## CAUSE OF ACTION I

47. Plaintiff realleges each of the allegations contained in paragraphs "1" through "46" of the complaint as if fully set forth herein.

48. The Union by conspiring with the Hotel to deprive the Banquet Servers of enhanced severance and further by deceiving the Banquet Servers that the Union was actually honoring the enhanced severance and enhanced pension benefits has breached its duty of fair representation to the Banquet Servers.

49. By reason thereof, plaintiffs have been economically injured in an amount to be determined at trial.

## CAUSE OF ACTION II

50. Plaintiff realleges each of the allegations contained in paragraphs "1" through "46," and "48" of the complaint as if fully set forth herein

51. The Hotel materially breached the terms of the Settlement Agreement as well as the CBA by conspiring with the Union to breach the express terms of the settlement agreement.

52. By reason thereof, plaintiffs have been economically injured in an amount to be determined at trial.

## CAUSE OF ACTION III

53. Plaintiff realleges each of the allegations contained in paragraphs "1" through

"46," and "48" and "51" of the complaint as if fully set forth herein.

54. The Union has materially breached the terms of the Settlement Agreement by conspiring with the Hotel to breach the express terms of the settlement agreement.

55. By reason thereof, plaintiffs have been economically injured in an amount to be determined at trial.

## PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY

**WHEREFORE**, plaintiffs respectfully request the following relief:

(i) On the First Cause of Action compensatory relief in an amount to be determined at trial and punitive damages;

(ii) On the Second Cause of Action, compensatory relief in an amount to be determined at trial;

(iii) On the Third Cause of Action, compensatory relief in an amount to be determined at trial;

(iv) An injunction enjoining defendants from further undermining the CBA by ensuring that the Banquet Servers receive the gratuities to which they are lawfully entitled;

(v) Reasonable Attorney's Fees; and

(vi) For such further relief as the Court deems just and proper.

Dated: New York, New York
October 12, 2022

                                              **KAISER SAURBORN & MAIR, P.C.**
Attorneys for plaintiffs

By: _____
Daniel J. Kaiser [DK-9387]
William H. Kaiser [WK-7106]
30 Broad Street, 37th Fl.
New York, New York 10004
(212) 338-9100

9